JAMES DERICKSON, EDWARD MAGEE, and MARCUS, EDWARD, and BERNARD MAGEE, Infants under the age of 21 years, by their Next Friend, JAMES DERICKSON, v. WILLIAM A. CAMERON, and POLLY, his Wife, late Polly Magrill, Administratrix with the will annexed of Bernard Magee, JAMES CONWELL and NATHAN VICKARS, Executors.

Court of Chancery. Sussex. July 25, 1819.

*Ridgely's Notebook II, 477.*

*Robinson* for complainants. *Mr. Clayton* and *Mr. L. D. Wells* for defendants. . . .

### DECREE.

And now, to wit, this July 27, 1819, this cause coming to be heard before THE CHANCELLOR, and the bill and answers of James Conwell and Nathan Vickars, two of the defendants in this cause, and the depositions and exhibits being read, and it being ordered at July Term, 1818, that the bill be taken *pro confesso* as to William A. Cameron and Polly, his wife, two other defendants to said bill, it is therefore ordered adjudged and decreed by THE CHANCELLOR that the said bill be taken *pro confesso* as to said William A. Cameron and Polly, his wife, and the said bill is accordingly taken *pro confesso* as to said William A. Cameron.

And it appearing to THE CHANCELLOR that Bernard Magee in his lifetime and at the time of his death being seised in his demesne as of fee of and in the lands and premises mentioned in said bill, and also possessed of a large personal estate, duly made and published his last will and testament in writing, bearing date December 7, 1815, and did therein devise and bequeath to Polly McGrill one bed and furniture, and to his brother Edward Magee one bed and furniture, and to Bernard Magee, son of Polly McGrill his watch, and that his executor therein mentioned should sell and dispose of all his other moveable property, and all the lands and tenements he owned or in any wise did possess, and the proceeds, after his just debts were paid, to be equally divided in five shares, namely one fifth part to his brother Edward Magee, one fifth part to Polly McGrill (now the wife of the said William A. Cameron), one fifth part to Bernard Magee, one fifth part

to Marcus Magee, and one fifth part to Edward Magee, the children of the said Polly McGrill, now Polly Cameron, and that in case either of the said three named children of said Polly should die before they arrived to the age of 21, his part should be equally divided between the survivors, and in case two of them should die before they arrived to the age of 21 years each of their parts should go to the survivor; and the said testator did appoint his trusty friend Nathan Vickars executor of his said will, and died without altering or revoking said will, that on February 22, 1816, the said Nathan Vickars renounced the administration of the personal estate of Bernard Magee to Polly McGrill, to whom letters of administration with a copy of the will annexed were duly granted, on the day and year last aforesaid.

And it further appearing to THE CHANCELLOR, that goods and chattels amounting to the sum of $2006.75½ came to the hands and possession of said Polly McGrill, as administratrix as aforesaid, of which an inventory thereof was filed in the Register's Office in and for Sussex County. And that the said Polly, as administratrix as aforesaid, did receive of debts due the testator the sum of $180.36½ from Aaron Swigget; the sum of $248.52 from Morgan Williams; the sum of $10.43 from Turpin Wright; the sum of $40.82½ from Handy and Nicols, and a further sum of $125 for the rent of the lands of said testator for the year 1817.

And it further appearing to THE CHANCELLOR that the said Nathan Vickars and James Derickson have received rents and profits from said lands and premises of said Bernard Magee devised by him to be sold as aforesaid and that the said James Conwell has cut, taken off, and sold timber which was growing on said lands, and that the legal estate in said lands and premises vested in Edward Magee, brother and only heir at law of said Bernard Magee, the testator, subject to the devise contained in the last will and testament of the said Bernard Magee. And that the said Edward Magee did by his deed of bargain and sale, and assignment, dated March 1, 1817, grant, bargain and sell, assign and transfer for and in consideration of the sum of $500 unto James Derickson, his heirs and assigns forever, all that the said land and premises devised to be sold by the said testator Bernard Magee,[1] and the share of the said Edward of, in

---

[1] At this point in the manuscript, *Ridgely II, 478*, the account of this case is interrupted; it is resumed at *482*.

and to the proceeds to arise from the sale of the said lands and premises, and the rents and profits thereof.

And it appearing to THE CHANCELLOR that the said Nathan Vickars in his said answer filed in this cause tenders himself ready to do any act or make and execute any conveyance which equity and good conscience, or the fair and just claims of any interested in the premises may require and render proper, and which this court may order and decree, he being indemnified and having his costs.

It is therefore ordered adjudged and decreed by THE CHANCELLOR, and he does order adjudge and decree that the said Nathan Vickars be and he is hereby appointed a trustee to make sale of the lands and tenements which were of the said Bernard Magee deceased, and by him directed to be sold by his executors as aforesaid and it is hereby ordered and decreed by THE CHANCELLOR that the said Nathan Vickars shall sell the said lands and premises after thirty days public notice, set up in five of the most public places in Northwest Fork Hundred, and one other notice set up as aforesaid in the most public place in each of the other Hundreds of Sussex County, thereby giving notice of the time and place of sale, which is hereby directed to be made upon the said premises, and the terms thereof shall be that the purchaser shall pay one fifth part of the purchase money and also secure the balance, at the time of the confirmation of said sale, at the next court after such sale, in such manner and form as shall be directed by THE CHANCELLOR, to the respective parties as they may upon a final decree be found entitled.

And it is further ordered and decreed by THE CHANCELLOR that the said Nathan Vickars shall make return of his proceedings at the next court for confirmation by this court, and that upon paying as aforesaid and securing the balance of the purchase money, the said Nathan Vickars together with the said James Derickson, shall execute, acknowledge, and deliver to the purchaser, a good and sufficient deed of bargain and sale, for the lands and premises herein directed to be sold as aforesaid thereby conveying to the said purchaser, his heirs and assigns forever all the right, title, interest, and estate of the said Bernard Magee, or of the said James Derickson of, in, and to the said lands and premises.

And it is further ordered and decreed by THE CHANCELLOR that the said Nathan Vickars and James Derickson shall respectively on or before the first day of next February, file a

just and true account of all the rents, issues, and profits by them received from the lands and premises aforesaid.

And THE CHANCELLOR reserves to himself the right of making such further and other decree in this cause, in the distribution of the proceeds of said sale, and the personal estate of said Bernard Magee, and the rents and profits of the said lands and concerning the costs and all other matters as may be agreeable to equity and good conscience.